

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
AUG 28 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DEBORAH A. ALVAREZ, JORGE ANZALDO, )
DAVID BARRON, GERALD M. BONSONTO, )
KEVIN BYRNE, MARIA C. CERNA, DAWN )
CHYCHULA, CATHERINE M. CUMMINGS, )
DANIEL R. DALY, MICHAEL V. DALY, )
JOSEPH H. DAVILO, ROBERT DEMPSEY, )
RICHARD E. FALLS, FRANK GALL, SHEILA E. )
GARA, ISRAEL D. GARCIA, SCOTT A. )
GOMEZ, JULIE GUERIN, DARCIE GUTIERREZ, )
DEBORAH K. HAMP, TIMOTHY R. HIGH, )
STEVE KATSIS, HOWARD KRAVITZ, )
COLLETTE KUMIEGA, RAPHEAL R. LAKAYIL, )
PETER LAZZARA, CHRISTINE MARCUS, )
PHILIP MASTRIANNO, MONICA V. MCCALPIN, )
MICHAEL J. MCLAUGHLIN, MATTHEW D. )
MCMANUS, PATRICIA MCNEILL, BRIAN )
MISKELL, CHRISTINE E. MULLALLY, ROBERT )
MURALLER, MARGARET A. COEN-MURPHY, )
RICHARD O'CONNELL, JANICE C. OROZCO, )
STEPHEN S. PANCHESIN, JUAN M. )
RODRIGUEZ, WILFREDO RODRIGUEZ, )
ANNA M. ROSA, JOSEPH A. RYAN, MICHAEL J. )
SCHNEIDER, THOMAS E. SERBIN, )
ROBERTA SHANAHAN, NANCY A. SHEEHAN, )
PAUL C. STAEHLE, JUAN E. TORRES, )
ANGELO TSOKOLAS, DONNA M. TYLER, )
WILLIAM F. WELSH, JERRY WILLIAMS, and )
MICHELE WITKUS, on behalf of themselves and )
all other persons similarly situated, )
)
      Plaintiffs, )
)
v. )
)
CITY OF CHICAGO, a Municipal Corporation, )
)
      Defendant. )

JURY DEMANDED

06CV4639
JUDGE HIBBLER
MAG. JUDGE DENLOW

## COMPLAINT

NOW COME the Plaintiffs, DEBORAH A. ALVAREZ, JORGE ANZALDO, DAVID BARRON, GERALD M. BONSONTO, KEVIN BYRNE, MARIA C. CERNA, DAWN CHYCHULA, CATHERINE M. CUMMINGS, DANIEL R. DALY, MICHAEL

1

V. DALY, JOSEPH H. DAVILO, ROBERT DEMPSEY, RICHARD E. FALLS, FRANK GALL, SHEILA E. GARA, ISRAEL D. GARCIA, SCOTT A. GOMEZ, JULIE GUERIN, DARCIE GUTIERREZ, DEBORAH K. HAMP, TIMOTHY R. HIGH, STEVE KATSIS, HOWARD KRAVITZ, COLLETTE KUMIEGA, RAPHEAL R. LAKAYIL, PETER LAZZARA, CHRISTINE MARCUS, PHILIP MASTRIANNO, MONICA V. MCCALPIN, MICHAEL J. MCLAUGHLIN, MATTHEW D. MCMANUS, PATRICIA MCNEILL, BRIAN MISKELL, CHRISTINE E. MULLALLY, ROBERT MURALLER, MARGARET A. COEN-MURPHY, RICHARD O'CONNELL, JANICE C. OROZCO, STEPHEN S. PANCHESIN, JUAN M. RODRIGUEZ, WILFREDO RODRIGUEZ, ANNA M. ROSA, JOSEPH A. RYAN, MICHAEL J. SCHNEIDER, THOMAS E. SERBIN, ROBERTA SHANAHAN, NANCY A. SHEEHAN, PAUL C. STAEHLE, JUAN E. TORRES, ANGELO TSOKOLAS, DONNA M. TYLER, WILLIAM F. WELSH, JERRY WILLIAMS, and MICHELE WITKUS, (hereinafter referred to as "**ALVAREZ,** *et al.*") by and through their attorneys, JAC A. COTIGUALA and LUANNE M. GALOVICH, and bring this action on behalf of themselves and all similarly-situated persons not as a class action but rather as a collective action, to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b) (hereinafter "FLSA"). *See* Notices of Consent separately filed in this case.

1. Jurisdiction over Plaintiffs' claims is conferred on this Court pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1331 and § 1337.

2

2. Venue is proper pursuant to 29 U.S.C. § 1391 as Defendant has its principal place of business and the events giving rise to the claims occurred within the geographic jurisdiction of this Court.

### Count I – FLSA

Plaintiffs ALVAREZ, *et al.*, on behalf of themselves and all other persons similarly-situated known and unknown, complain against Defendant as follows:

3. At all relevant times, the CITY OF CHICAGO, has been a public agency, an employer, and an enterprise "engaged in commerce" as defined by Sections 3(d), (r) (s) and (x) of the Fair Labor Standards Act, 29 U.S.C §203.

4. At all relevant times, Defendant employed plaintiffs and other similarly-situated persons to work as paramedics within the Fire Department's Bureau of Emergency Medical Services, all in Chicago, Illinois. By virtue of their employment as paramedics, Plaintiffs and other similarly-situated persons do not qualify for the overtime exemptions afforded to fire protection employees. 29 U.S.C. §207(k), 29 C.F.R. §553.210.

5. Between August 1, 2004 and the present, plaintiffs ALVAREZ, *et al.* were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

6. At all relevant times, Plaintiffs and other similarly-situated persons were "employees" of Defendant as defined by Section 3(e) of the FLSA. 29 U.S.C. §203(e).

7. Defendant paid plaintiffs and other similarly-situated persons at an hourly rate of pay on a salary basis but failed to properly pay them for all hours worked in excess of 40 in a week.

8. Plaintiffs believe that virtually if not every similarly-situated employee of Defendant was not paid overtime in accordance with the FLSA.

9. Plaintiffs' job duties and terms and conditions of employment, do not exempt Plaintiffs and other similarly-situated persons from the overtime and minimum wage requirements of the FLSA.

WHEREFORE, Plaintiffs pray that this Court enter judgment in Plaintiffs' favor and against Defendant, and that Defendant pay to Plaintiffs and other similarly-situated employees who opt-in to this lawsuit:

    a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest as far back as a non-willful violation of the FLSA allows;

    b. Reasonable attorneys' fees and costs; and

    c. All other relief that this Court deems necessary and just.

### Count II – FLSA – WILLFUL

Plaintiffs ALVAREZ, *et al.*, on behalf of themselves and all other persons similarly-situated known and unknown, re-allege and restate paragraphs 1-4 and 6-9 above as if fully set forth herein.

10. Between August 1, 2003 and the present, plaintiffs ALVAREZ, *et al.* were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207.

11. At all times relevant hereto Defendant either knew or in reckless disregard should have known that Plaintiffs and other similarly-situated persons performed duties for which they were not paid overtime, in accordance with the FLSA. Defendant knew or in reckless disregard should have known that Plaintiffs and other similarly-situated paramedics were entitled to overtime compensation under the FLSA. Defendant knew or in reckless disregard should have known that it violated and continues to violate federal law by paying Plaintiffs and other similarly-situated persons less than required by the FLSA for overtime worked.

12. Defendant previously resolved an FLSA lawsuit on behalf of paramedics, Alex v. City of Chicago, 29 F.3d 1235 (7th Cir., 1994). As a result of that lawsuit, the City was well aware that the overtime provision of the FLSA applies to the paramedics and that it should make its pay conform with the requirements of the FLSA.

13. Defendant willfully violated the FLSA by failing to pay the appropriate rate for all hours worked over 40 in a week to Plaintiffs and other similarly-situated employees as required. 29 U.S.C. §201 *et. seq.*

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant, and that Defendant pay Plaintiffs and others similarly-situated who opt- to this lawsuit:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest for as far back as a willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

Respectfully submitted,

By: _____
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Luanne M. Galovich
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
(312) 939-2100

Dated: