**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEBORAH A. ALVAREZ, *et al.*, on behalf of herself and all other Plaintiffs similarly situated known and unknown, and ALEXANDER CARABALLO, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a Municipal Corporation, <br><br> Defendant. | Case Nos. 06 C 4639 <br> 07 C 2807 <br><br><br><br><br> Judge Hibbler <br> Magistrate Judge Denlow |

## **DEFENDANT'S MOTION TO CONSOLIDATE**

Defendant City of Chicago ("the City"), by its undersigned counsel, Caffarelli & Siegel Ltd., moves this Court, pursuant to Fed. R. Civ. P. 42(a), for an order consolidating this matter with <u>Baley et al. v. City of Chicago</u>, No. 09-CV-228, a case now pending before Judge John W. Darrah. These cases involve common factual and legal issues that are essential to the resolution of all three matters. In support of its Motion, the City states as follows:

1.  <u>Baley</u> is a 25-plaintiff opt-in case with two counts, one alleging a violation of the Fair Labor Standards Act ("FLSA") and the other alleging a willful violation of the statute. The complaint is attached as Exhibit A. It is substantively identical to the Complaints in <u>Alvarez</u> and <u>Caraballo.</u>

2.  <u>Alvarez</u> is an action brought by approximately 370 plaintiffs. <u>Caraballo</u> is an 11-plaintiff case. Both <u>Alvarez</u> and <u>Caraballo</u> are cases involving two counts, one alleging a violation of the FLSA and the other alleging a willful violation of the statute.

3. This Court has held that in <u>Baley</u>, "Plaintiffs raise identical claims to those raised in the consolidated <u>Alvarez</u> and <u>Caraballo</u> action," and are "only distinguishable from those of <u>Alvarez</u> and <u>Caraballo</u> by the timeliness of the claim." (<u>Baley,</u> D.E. 29 at p. 3.)

4. Under Rule 42(a), a court may order actions involving common questions of law or fact to be consolidated in the interest of avoiding "unnecessary costs or delay." Fed. R. Civ. P. 42(a). The determination of whether two cases involve the same factual or legal questions is within the discretion of the trial judge, and courts consider several factors in making this decision. <u>United States v. City of Chicago</u>, 385 F. Supp. 540, 542-43 (N.D. Ill. 1974); <u>Madigan, Inc. v. Goodman</u>, 57 F.R.D. 512, 514-15 (N.D. Ill. 1972). These include: whether the cases implicate the same key legal issues, whether the proof required to resolve the issues is the same, whether the parties would run the risk of duplicating identical evidence through separate trials, whether the cases rest on a common factual foundation, whether consolidation would increase the complexity of the cases, whether the substantive requirements and legal burdens are the same in both cases, and, lastly, whether one of the cases requires more extensive discovery than the other and would thereby delay adjudication if consolidated with the other. Fed. R. Civ. P. 42(a); <u>City of Chicago</u>, 385 F. Supp. At 542-43; <u>Madigan</u>, 57 F.R.D. at 514-15. The <u>Baley</u> case meets the standard for consolidation with <u>Alvarez</u> and <u>Caraballo</u>, as set forth below.

5. The <u>Baley</u> case, like <u>Alvarez</u> and <u>Caraballo</u>, was brought by plaintiff-employees of the Chicago Fire Department ("CFD") who work(ed) as paramedics in the CFD's Emergency Medical Services ("EMS") division. The complaints for all three cases are substantively identical. Jac A. Cotiguala and Brian Massatt are the plaintiffs' attorneys in all three cases.

6. In the <u>Baley</u> case, like in <u>Alvarez</u> and <u>Caraballo</u>, the plaintiffs allege that they were compensated for their work under the same broad compensation scheme for calculating

overtime. These virtually identical allegations implicate common legal issues: whether there was a violation of the FLSA, and, if so, whether the violation was willful. These legal issues common to all three claims have been fully briefed through cross-motions for summary judgment by this Court, and are currently pending.

7. Because all three cases arise from the same alleged factual foundation and implicate the same legal issues, and because the merits of the claims have already been briefed before this Court, consolidation would not increase the complexity of the litigation. See Madigan, 57 F.R.D. at 515. To the contrary, consolidation would prevent the parties from duplicating evidence and argument at two separate trials.

8. Consolidation would serve the interest of judicial economy, and permit an expeditions and economic resolution of the cases at hand.

9. The City's counsel has conferred with Plaintiffs' counsel regarding the instant Motion, and Plaintiffs' counsel does not agree with the filing of the Motion.

WHEREFORE, Defendant respectfully requests that the Court grant this Motion to Consolidate Baley et al. v. City of Chicago, No. 09 CV 228 with Alvarez v. City of Chicago, No. 06 C 4639 and Caraballo v. City of Chicago, No. 07 C 2807.

Dated: January 13, 2011                                     Respectfully submitted,

Marc J. Siegel, #06238100
Lorraine T. Peeters, #06290434          By: /s/ Marc J. Siegel
Caffarelli & Siegel Ltd.                        One of Defendant's Attorneys
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230
Fax (312) 540-1231

4

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Motion to Consolidate**, to be served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on January 13, 2011.

Jac A. Cotiguala
Brian D. Massat
JAC A. COTIGUALA & ASSOCIATES
431 S. Dearborn St., Ste. 60605
Chicago, IL 60605
(312) 939-2100

Courtesy copies were delivered to Judge Hibbler's chambers within 24 hours of e-filing, via hand delivery.

                /s/ Marc J. Siegel
                Marc J. Siegel
                Caffarelli & Siegel Ltd.
                Two Prudential Plaza
                180 N. Stetson, Suite 3150
                Chicago, IL 60601